

USDC- BALTIMORE
'24 DEC 19 PM3:49

KSC/12.18.24
AS: USAO#2022R00687

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 24-cr-367-GLR |
| | * | |
| TRAVIS SENTELL HOWELL, | * | |
| | * | (Conspiracy to Distribute and Possess |
| ADRIAN DION JACKSON, | * | with Intent to Distribute Controlled |
| a.k.a. "Nice" | * | Substances, 21 U.S.C. § 846; Possession |
| | * | with Intent to Distribute Controlled |
| NATHANIEL LEE LIGHTFORD, | * | Substances, 21 U.S.C. § 841; Possession |
| a.k.a. "Tab" | * | of a Firearm by a Prohibited Person, 18 |
| a.k.a. "Taboo" | * | U.S.C. § 922(g)(1); Forfeiture, 18 U.S.C. |
| | * | § 924(d), 21 U.S.C. § 853, and 28 U.S.C. |
| DONTE JAMAR CHRISTIAN, | * | § 2461) |
| a.k.a. "Jug" | * | |
| | * | |
| Defendants. | * | |

### INDICTMENT

#### COUNT ONE
#### (Conspiracy to Distribute and Possess
#### With Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland charges that:

From in or about October 2022, and continuing through in or about June 2024, in the District of Maryland and elsewhere, the Defendants,

**TRAVIS SENTELL HOWELL,
ADRIAN DION JACKSON,
NATHANIEL LEE LIGHTFORD, and
DONTE JAMAR CHRISTIAN,**

did knowingly, willfully and unlawfully combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury to knowingly, intentionally, and unlawfully distribute and possess with intent to distribute a quantity of a mixture or substance containing a

1

detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Quantity of Controlled Substances Involved in the Conspiracy

1. With respect to **TRAVIS SENTELL HOWELL**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A);

2. With respect to **ADRIAN DION JACKSON**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(C);

3. With respect to **NATHANIEL LEE LIGHTFORD**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A);

4. With respect to **DONTE JAMAR CHRISTIAN**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(C).

21 U.S.C. § 846

## COUNT TWO

**(Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges that:

On or about April 8, 2024, in the District of Maryland, the Defendant,

**ADRIAN DION JACKSON,**
a.k.a. "Nice"

did knowingly and intentionally possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)
21 U.S.C. § 841(b)(1)(C)

## COUNT THREE

### (Possession of a Firearm by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about April 8, 2024, in the District of Maryland, the Defendant,

**ADRIAN DION JACKSON,**
a.k.a. "Nice"

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a Smith & Wesson M&P model 45, .45 caliber handgun, bearing serial number NCU5266, and the firearm was in and affecting commerce.

18 U.S.C. § 922(g)

## COUNT FOUR

**(Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges that:

On or about June 4, 2024, in the District of Maryland, the defendant,

**NATHANIEL LEE LIGHTFORD,**
a.k.a. "Tab"
a.k.a. "Taboo"

did knowingly and intentionally possess with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)
21 U.S.C. § 841(b)(1)(A)

## COUNT FIVE

### (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

On or about April 8, 2024, in the District of Maryland, the defendant,

### DONTE JAMAR CHRISTIAN,
### a.k.a. "Jug"

did knowingly and intentionally possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)
21 U.S.C. § 841(b)(1)(C)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the Defendants' conviction under Counts One through Five of this Indictment.

### Firearm and Ammunition Forfeiture

2. Upon conviction of the offense alleged in Count Three of this Indictment, the Defendant,

**ADRIAN DION JACKSON,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense.

### Narcotics Forfeiture

3. Upon conviction of the offenses alleged in Counts One, Two, Four, or Five of this Indictment, the Defendants,

**TRAVIS SENTELL HOWELL,**
**ADRIAN DION JACKSON,**
**NATHANIEL LEE LIGHTFORD, and**
**DONTE JAMAR CHRISTIAN,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense(s); and

   b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense(s).

7

**Property Subject to Forfeiture**

4. The property subject to forfeiture includes, but is not limited to:

   a. a forfeiture money judgment in the amount of proceeds each Defendant obtained as a result of the offense(s) alleged in Counts One, Two, Four, or Five of this Indictment;

   b. approximately $4,796 in U.S. currency seized from Defendant Adrian Dion Jackson's residence on or about April 8, 2024;

   c. approximately $13,000 in U.S. currency seized from one of Defendant Travis Sentell Howell's residences on or about June 4, 2024;

   d. approximately $7,000 in U.S. currency seized from one of Defendant Travis Sentell Howell's residences on or about June 4, 2024;

   e. approximately $748 in U.S. currency seized from one of Defendant Travis Sentell Howell's residences on or about June 4, 2024;

   f. one gold Rolex watch seized from one of Defendant Travis Sentell Howell's residences on or about June 4, 2024;

   g. approximately $12,232 in U.S. currency seized from one of Defendant Nathaniel Lee Lightford's residences on or about June 4, 2024;

   h. one silver Rolex watch seized from one of Defendant Nathaniel Lee Lightford's residences on or about June 4, 2024;

   i. one gold Rolex watch seized from one of Defendant Nathaniel Lee Lightford's residences on or about June 4, 2024;

   j. one Gucci watch seized from one of Defendant Nathaniel Lee Lightford's residences on or about June 4, 2024;

   k. approximately $9,920 in U.S. currency seized from Defendant Donte Jamar Christian's residence on or about June 4, 2024;

   l. approximately $2,300 in U.S. currency seized from Defendant Donte Jamar Christian's residence on or about June 4, 2024; and

   m. One Smith & Wesson M&P model 45, .45 caliber handgun, bearing serial number NCU5266.

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461

**Substitute Assets**

5. If, as a result of any act or omission of any Defendant, any of the property described above as being subject to forfeiture::

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been comingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

_____
Erek L. Barron
United States Attorney

A TRUE BILL

**SIGNATURE REDACTED**

Foreperson

Date: 12/19/2024

9